IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY F., ) | |
| ) | No. 19 C 7733 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Amy F. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On August 21, 2015, plaintiff filed an application for benefits alleging a disability onset date of February 14, 2014. (R. 74-75.) Her application was denied initially and on reconsideration. (R. 83, 96.) On November 30, 2018, after a hearing, an administrative law judge ("ALJ") denied plaintiff's application. (R. 13-22, 34-61.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between September 30, 2014 and December 31, 2016, the requested closed period of disability. (R. 16.) At step two, the ALJ determined that, during that period, plaintiff had the severe impairments of "cervical spine disorder, history of fibromyalgia, and obesity." (*Id.*) At step three, the ALJ found that, during that period, plaintiff did not have an impairment or combination of

2

impairments that met or medically equaled the severity of one of the listed impairments. (R. 16-17.) At step four, the ALJ found that plaintiff was unable to perform her past relevant work during that period, but had the RFC to perform light work with certain limitations. (R. 17-20.) At step five, the ALJ found that, during the closed period, jobs that plaintiff could perform existed in significant numbers in the national economy, and thus plaintiff was not disabled. (R. 21.)

Plaintiff argues that the ALJ erred in assigning any weight to the opinion of agency reviewer Dr. Jhaveri because it was rendered before additional evidence was submitted by plaintiff. The Seventh Circuit has said that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (per curiam). The ALJ characterized the additional evidence plaintiff submitted as "[n]ew and material" and concluded that it supported RFC restrictions greater than those endorsed by Dr. Jhaveri (R. 19), *i.e.*, it would have changed the doctor's opinion about plaintiff's RFC. As a result, the ALJ did not rely on the reviewer's outdated RFC assessment; she fashioned a new one.[1] (*Id.*) Because the ALJ did not, in the face of new evidence, adopt Dr. Jhaveri's outdated RFC opinion, her decision to accord "some weight" to other aspects of the doctor's opinion was not error.

Plaintiff also contends that the ALJ failed to build a logical bridge from the evidence to the RFC she fashioned. *See Villano*, 556 F.3d at 562 ("The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion."). The Court agrees. The ALJ amended Dr. Jhaveri's RFC by adding postural restrictions and a limitation to no more than frequent bilateral, overhead reaching. (*Compare* R. 92-93, *with* R. 17.) The ALJ did not, however, identify the medical evidence that supports the changes she made. (*See* R. 19

---

[1] Fashioning an RFC is a task assigned to the ALJ. *See* 20 C.F.R. § 404.1527(d)(2).

(The treatment record does support more restrictive nonexertional limitations in light of the claimant['s] obesity and cervical spine disorder. New and material evidence . . . supports additional restrictions.")); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). Absent that explanation, the Court is left to guess whether the RFC assessment fashioned by the ALJ is supported by the additional medical evidence presented by the plaintiff and not considered by Dr. Jhaveri. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) ("In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review."). Significantly, plaintiff provided hundreds of pages of additional medical evidence suggesting worsening conditions, which would likely impact plaintiff's ability to perform various work-related functions. (*See* ECF 12 at 4-5 (summarizing the contents of supplemental medical records provided).) While "[t]he requirement that the ALJ articulate [her] consideration of the evidence is deliberately flexible," *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992), here the ALJ failed to explain in any meaningful way how the substantial evidence presented by plaintiff (which was not considered by Dr. Jhaveri) supports the RFC upon which the ALJ settled.

4

## Conclusion

For the reasons stated above, the Court reverses the ALJ's decision, denies the Commissioner's motion for summary judgment [16], and, in accordance with fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**        ENTERED:  November 5, 2020


**M. David Weisman**
**United States Magistrate Judge**